IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                           No.  CIV.S-04-2712 DAD

       Plaintiff,

   v.                                       <u>ORDER</u>

MIKE H. MARK, individually
and doing business as WEI
CHINESE RESTAURANT,

       Defendant.
_____/

### <u>STATUS (PRETRIAL SCHEDULING) ORDER</u>

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on September 30, 2005, at 10:00 a.m.  Plaintiff,

1

proceeding pro se, appeared on his own behalf.  James Macy appeared

as counsel for defendant.  After hearing, the court makes the

following findings and orders:

### SERVICE OF PROCESS

All parties defendant have been served and no further

service is permitted except with leave of court, good cause having

been shown.

### JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is

permitted except with leave of court, good cause having been shown.

See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.

1992).

### JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, is

undisputed and is hereby found to be proper, as is venue.

### MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open,

save and except that it shall be conducted so as to be completed by

**May 19, 2006.**  The word "completed" in this context means that all

law and motion matters must be **heard** by the above date.  In order for

a motion to be heard on that date, it must be set for hearing on the

motion calendar not less than twenty-eight (28) days after personal

service and filing of the motion or not less than thirty-one (31)

days after mailed service and filing of the motion.  It is incumbent

upon counsel to contact this court's courtroom deputy, Pete Buzo at

(916) 930-4128, sufficiently in advance so as to ascertain the dates

upon which law and motion will be heard and to properly notice

motions for hearing.  Counsel are cautioned to refer to Local Rule

78-230 regarding the requirements for noticing such motions on the

court's regularly scheduled law and motion calendar.  **Opposition or**

**statement of non-opposition to all motions shall be filed not later**

**than 4:30 p.m. fourteen (14) days preceding the hearing date, or by**

**proof of service by mail not less than seventeen (17) days preceding**

**the hearing date.**  This paragraph does not preclude motions for

continuances, temporary restraining orders or other emergency

applications, and is subject to any special scheduling set forth in

the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and

motion is to narrow and refine the legal issues raised by the case,

and to dispose of by pretrial motion those issues that are

susceptible to resolution without trial.  To accomplish that purpose,

the parties need to identify and fully research the issues presented

by the case, and then examine those issues in light of the evidence

gleaned through discovery.  If it appears to counsel after examining

the legal issues and facts that an issue can be resolved by pretrial

motion, counsel are to file the appropriate motion by the law and

motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

PRETRIAL MOTION.  Counsel are reminded that motions in limine are

procedural devices designed to address the admissibility of evidence.

COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON

SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE of MOTIONS IN LIMINE  AT

THE TIME OF TRIAL.  COUNSEL ARE FURTHER CAUTIONED THAT IF ANY LEGAL
ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT BY PRETRIAL MOTION
MUST BE RESOLVED BY THE COURT AFTER LAW AND MOTION CUTOFF,
SUBSTANTIAL SANCTIONS MAY BE LEVIED AGAINST COUNSEL WHO FAILED TO
TIMELY FILE AN APPROPRIATE MOTION.

### DISCOVERY

All discovery is left open, save and except that it shall
be so conducted as to be completed by **April 7, 2006.**  The word
"completed" means that all discovery shall have been conducted so
that all depositions have been taken and any disputes relative to
discovery shall have been resolved by appropriate order if necessary
and, where discovery has been ordered, the order has been complied
with.  Motions to compel discovery must be noticed in accordance with
the local rules of this court.

Plaintiff shall designate in writing and file with the
court and serve upon all other parties the names of all experts that
he proposes to tender at trial not later than **February 10, 2006.**
Defendant shall designate in writing and file with the court and
serve upon all parties the names of all experts that he proposes to
tender at trial not later than **February 24, 2006.**  All experts so
designated are to be fully prepared to render an informed opinion at
the time of designation so that they may fully participate in any
deposition taken by the opposing party.  Experts will not be
permitted to testify at the trial as to any information gathered or
evaluated, or opinion formed, after deposition taken subsequent to
designation.

1    An expert witness not listed will not be permitted to

2    testify unless the party offering the witness demonstrates:  (a) that

3    the necessity of the witness could not have been reasonably

4    anticipated at the time the lists were exchanged; (b) the court and

5    opposing counsel were promptly notified upon discovery of the

6    witness; and (c) that the witness was promptly proffered for

7    deposition.

8                        **FINAL PRETRIAL CONFERENCE**

9    The Final Pretrial Conference is **SET** for **August 24, 2006,**

10   **at 10:00 a.m.** before the undersigned.  Counsel are cautioned that

11   counsel appearing for Pretrial will in fact try the matter.

12   Counsel for all parties are to be fully prepared for trial

13   at the time of the Pretrial Conference, with no matters remaining to

14   be accomplished except production of witnesses for oral testimony.

15   Counsel are referred to Local Rules 40-280 and 16-281 relating to the

16   contents of and time for filing Pretrial Statements.  A FAILURE TO

17   COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE GROUNDS FOR

18   SANCTIONS.

19   Plaintiff and defendant shall each file a separate Pretrial

20   Statement in accordance with the provisions of Local Rule 16-281.

21   Additionally, the parties are to prepare a JOINT STATEMENT with

22   respect to the undisputed facts and disputed factual issues of the

23   case.  See Local Rule 16-281(b)(3), (4), and (6).  In that joint

24   statement, the undisputed facts and disputed factual issues are to be

25   set forth in two separate sections.  In each section, the parties

26   should identify first the general facts relevant to all causes of

5

action.  After identifying the general facts, the parties should then
identify those facts which are relevant to each separate cause of
action.  In this regard, the parties are to number each individual
fact or factual issue.  Where the parties are unable to agree as to
what factual issues are properly before the court for trial, they
should nevertheless list in the section on "DISPUTED FACTUAL ISSUES"
all issues asserted by any of the parties and explain by
parenthetical the controversy concerning each issue.  The parties
should keep in mind that, in general, each fact should relate or
correspond to an element of the relevant cause of action.
Notwithstanding the provisions of Local Rule 16-281, the Joint
Statement of Undisputed Facts and Disputed Factual Issues is to be
filed with the court concurrently with the filing of plaintiff's
Pretrial Statement.  If the case is tried to a jury, the undisputed
facts will be read to the jury.

Pursuant to Local Rule 16-281(b)(10) and (11), the parties
are required to provide in their separate Pretrial Statements a list
of witnesses and exhibits that they propose to proffer at trial, no
matter for what purpose.  These lists shall <u>not</u> be contained in the
Pretrial Statement itself, but shall be attached as separate
documents to be used as addenda to the Final Pretrial Order.
Plaintiff's exhibits shall be listed **numerically**; defendant's
exhibits shall be listed **alphabetically**.  In the event that the
alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
3A-3Z, etc."  The Pretrial Order will contain a stringent standard
for the proffering of witnesses and exhibits at trial not listed in

the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 16-281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim whether federal or state law governs, and if state law, the state whose law is applicable.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of

SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

### TRIAL SETTING

Trial is **SET** for **October 23, 2006, at 10:00 a.m.** Trial will be by jury.

### SETTLEMENT CONFERENCE

An Early Settlement Conference is hereby set for **November 10, 2005, at 9:00 a.m.** before the undersigned.

A further Settlement Conference may be set before a judge other than the trial judge at the time of the Pretrial Conference.

Counsel are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

### MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates. **Agreement by the parties pursuant to stipulation does not constitute good cause.**

/////

/////

1   There appear to be no other matters presently pending

2  before the court that will aid the just and expeditious disposition

3  of this matter.

4   IT IS SO ORDERED.

5  DATED: October 11, 2005.

6

7  *Dale A. Drozd*

   DALE A. DROZD

8  UNITED STATES MAGISTRATE JUDGE

9  DAD:lg
   Ddad1/orders.consent/johnson1712.schedord

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26